UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| FREDRICK MOSLEY,<br>AIS 233819, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | )    CASE NO. 2:22-CV-603-WHA-CSC<br>) |
| SHIRLEY CUNNINGHAM, et al., | )<br>) |
| Defendants. | ) |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

*Pro se* Plaintiff Fredrick Mosley, an inmate incarcerated at the Bullock Correctional Facility in Union Springs, Alabama, filed this 42 U.S.C. § 1983 Complaint on October 11, 2022. After reviewing the Complaint and finding deficiencies with this pleading, the undersigned determined that Plaintiff should be provided an opportunity to file an amended complaint to correct the deficiencies. On November 4, 2022, the Court entered an Order explaining the deficiencies in the Complaint and providing Plaintiff with specific instructions regarding filing of an amended complaint. Doc. 4. Plaintiff was cautioned that his failure to comply with the November 4, 2022, Order would result in the undersigned recommending dismissal of this action in its entirety. *Id*. To date Plaintiff has not filed an amended complaint or otherwise complied with the Order of November 4, 2022.

The authority to impose sanctions for failure to prosecute or obey an order is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962). This authority empowers the courts

"to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id*. at 630–31; *Mingo v. Sugar Cane Growers Co-Op of Fla*., 864 F.2d 101, 102 (11th Cir. 1989) (holding that "[t]he district court possesses the inherent power to police its docket."). "The sanctions imposed [upon dilatory litigants] can range from a simple reprimand to an order dismissing the action with or without prejudice." *Id*.

Accordingly, the undersigned Magistrate Judge RECOMMENDS that this case be DISMISSED without prejudice. *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (explaining that as a general rule, where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion.).

It is ORDERED that by **December 16, 2022**, the parties may file objections to this Recommendation. The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made.  Frivolous, conclusive or general objections will not be considered by the Court. This Recommendation is not a final order and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in accordance with 28 U.S.C. § 636(b)(1) will bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waive the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH Cir. R. 3–1. *See Stein v. Reynolds Sec., Inc*., 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

Done, this 2nd day of December 2022.

                /s/   Charles S. Coody
                CHARLES S. COODY
                UNITED STATES MAGISTRATE JUDGE